

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# Stehman v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1730

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stehman v. Comm Social Security" (2007). *2007 Decisions*. Paper 1616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1730

JAMES J. STEHMAN,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 04-CV-922
District Judge: The Honorable Thomas I. Vanaskie

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 12, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 15, 2007)

OPINION

---

*The Honorable Gustave Diamond, Senior District Judge for United States District Court for the Western District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge*.

James J. Stehman applied for disability benefits under Title II of the Social Security Act in October 2002. An Administrative Law Judge (ALJ) denied Stehman's application in October 2003. When the Appeals Council denied Stehman's request for review, Stehman filed a timely appeal to the United States District Court for the Middle District of Pennsylvania. The District Court affirmed the Commissioner's denial of benefits. This timely appeal followed.[1]

Section 405(g) of the Social Security Act limits our review to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). For the reasons set forth below, we will affirm the judgment of the District Court.

Stehman alleged that he became disabled on March 12, 2002, when he requested a three month leave of absence for medical reasons from his job as a second shift supervisor for a fruit processing plant. Although the record does not identify with certainty the reasons for the leave of absence, it is clear that Stehman had significant health concerns at that time. He was receiving medical treatment for Insulin Dependent Diabetes Mellitus, Chronic Hepatitis C, depression, and right ankle pain as a result of a work injury. Stehman did not return to work.

---

[1]The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g). Appellate jurisdiction exists under 28 U.S.C. § 1291.

After a hearing before an ALJ in September 2003, the ALJ concluded that Stehman was not disabled for purposes of the Social Security Act. The ALJ employed the familiar sequential analysis set forth in 20 C.F.R. § 404.1520. He found that Stehman's diabetes and hepatitis, although constituting severe impairments affecting his ability to perform basic work activities, did not satisfy, either individually or in combination, the criteria of impairments listed in Appendix 1 for cardiovascular, digestive, genito-urinary, renal, endocrine, and mental disorders. 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ explained that Stehman's medical conditions restricted Stehman to performing light level work and precluded him from performing his past relevant work, which had been of a medium to heavy exertion level. Relying on the testimony of a vocational expert, the ALJ concluded that Stehman's residual functional capacity for light and sedentary work was compatible with certain jobs available in the national economy. Accordingly, the ALJ concluded that Stehman was not disabled.

Stehman appealed, arguing that the ALJ erred in several respects. The District Court affirmed the ALJ's decision. Stehman again challenges the ALJ's decision, contending that it is not supported by substantial evidence because the ALJ failed to accord sufficient weight to the opinions of his health care providers and to credit his testimony regarding the limitations imposed by his various maladies. We are not persuaded.

Because the parties are familiar with the facts, we limit our recitation to those pertinent to Stehman's contentions of error. Stehman initially asserts that the ALJ erred

3

by finding that his diabetes was under control. Inasmuch as the record contains substantial evidence to support the ALJ's finding, we find no error. It is true that Stehman's diabetes was managed via an insulin pump and that Dr. Smith explained that Stehman's diabetes had been difficult to control when he was receiving a course of Interferon therapy for his hepatitis. But after the Interferon was discontinued and Stehman's condition was stabilized, Dr. Smith regarded his diabetes as "fairly well regulated," attributing that control to Stehman's diligent monitoring of his condition. Thus, the ALJ did not err by crediting the medical practitioner's opinion of Stehman's condition over Stehman's lay opinion that his diabetes was uncontrolled. *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (reiterating that a treating physician's report should be given great weight, particularly when the opinion is based on the physician's observations over a period of time).

Similarly, we fail to find any error in the ALJ's finding that Stehman did not suffer from disabling venous insufficiency. Although Stehman relies upon a "Perthes test" referenced by one of his physicians to support his claim of disabling venous insufficiency, we observe that the progress note containing this reference fails to explain the significance of the test. *See Plummer*, 186 F.3d at 429 (instructing that an ALJ "may not make speculative inferences from medical reports"). Accordingly, the ALJ can hardly be faulted for relying upon (1) the reports of the doppler and ultrasound studies of Stehman's lower extremities, which were normal; (2) the documentation on several occasions of the absence of any observable edema in his lower extremities; and (3) the notation of bilateral

4

palpable pulses in the lower extremities. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (observing that uncontradicted medical evidence is entitled to controlling weight).

Because Stehman testified that his daily activities are markedly limited, he asserts that the ALJ erred by discounting his testimony and finding him capable of performing light and sedentary work. The ALJ's finding, however, is supported by substantial evidence. As the ALJ pointed out, Stehman's cardiac assessment demonstrated a "good exercise capacity" and yielded an ejection fraction of 55%. A subsequent cardiac catheterization revealed that Stehman had no obstructive coronary artery disease. In addition, the ALJ cited other medical evidence to contradict Stehman's contention that he was limited with regard to his ability to stand and walk, as well as Stehman's own testimony regarding driving daily, and performing other tasks. Nor can we ignore the fact that Stehman's physician opined that his pain was "much better controlled" after he was prescribed Tegretol and Oxycontin.

Stehman submits that the ALJ also erred by failing to credit the opinion of his psychotherapist that he had a disabling mental impairment and by failing to credit Stehman's testimony that he was often in a "brain fog." We find no error. Here, the record indicates that before Stehman stopped working he was being treated with two antidepressants, Zoloft and Elavil. But the record lacks any documentation from his psychiatrist other than the diagnosis of depression. Instead, there is only the opinion of Stehman's psychotherapist that he had a poor ability to concentrate and focus, experienced "major irritability with some paranoia," and had frequent episodes of

nonfunctional behavior.

The ALJ explained that he discounted this evidence for two reasons. First, he pointed out that the only evidence of mental health treatment was the diagnosis of depression and the fact that Stehman had been prescribed antidepressants. The administrative record supports this inasmuch as it is devoid of any progress notes from a psychiatrist, a psychologist, or even a mental status assessment. Second, the ALJ noted that the opinion of the psychotherapist was not a medical opinion that must be weighed. We have recognized that an ALJ may afford more or less weight to an opinion based on who the practitioner is and the extent of the supporting medical evidence. *See Plummer*, 186 F.3d at 429; *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir.1985); 20 C.F.R. § 404.1527.

Stehman further asserts that the ALJ improperly disregarded Dr. Smith's opinion that his fatigue and weakness precluded him from returning to work. Stehman fails to recognize, however, that Dr. Smith's opinion, as the ALJ explained, did not support a finding of total disability. Nonetheless, the ALJ accorded great weight to this opinion by finding that Stehman, whose past relevant work was of a medium and heavy exertion level, was limited to performing light and sedentary work.

Stehman relies on *Burnett v. Commissioner of Social Security*, 220 F.3d 112 (3d Cir. 2000), and contends that the ALJ erred at step three of the sequential analysis because he failed to address whether his medical conditions satisfied the criteria of specific listed impairments in Appendix 1. *Burnett* instructs that an ALJ may not simply

state that an applicant's medical condition failed to satisfy the criteria of "any" of the impairments in Appendix 1 because such a statement does not permit meaningful judicial review. *Id.* at 119. Here, the ALJ did not run afoul of *Burnett* as he did not summarily conclude that Stehman's medical conditions failed to satisfy the criteria of any listed impairment. Instead, the ALJ reviewed the medical evidence of record, identified the relevant groups of impairments he considered in light of Stehman's medical diagnoses and the medical evidence of record, and pointed out that no medical source had indicated that Stehman's medical status equaled a listed impairment. This is sufficient to allow meaningful appellate review and we find no error in the ALJ's analysis at step three.[2] *Poulos v. Commissioner of Social Security*, __ F.3d __ *5 (3d Cir. 2007).

In sum, we conclude that there is substantial evidence to support the ALJ's determination that Stehman is not disabled for purposes of the Social Security Act. We will affirm the judgment of the District Court.

---

[2]We have considered, and we reject, Stehman's assertions that his case should have been assessed as a borderline age situation and that the vocational expert was not qualified to testify.